**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| CHARLOTTE BENSON; CLIFTON BENSON; and C.B., a minor,<br>　　　　　　　Plaintiffs,<br>v.<br><br>CITY OF BRENHAM; SGT. ASHLEY BURNS, in her individual capacity; CORPORAL F.N.U. KURIE, in his individual capacity; CORPORAL RICHELLE MALINOWSKI, in his individual capacity; SGT. ERIC CROSBY, in his individual capacity; SGT. SIERRA RANDLE, in her individual capacity; CAPTAIN JASON KASPROWICZ, in his individual capacity; KAREN STACKS, Legal and Legislative Service Manager; DET. CONNER CASKEY; LT. KELVIN RAVEN, Operations; ASST. CHIEF LLODY POWELL; and EXCEL MOTORS,<br>　　　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | A-25-CV-1740-ADA-ML |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

　　The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

　　Before the court is Plaintiff Charlotte Benson's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must

1

review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

## I.   REQUEST TO PROCEED *IN FORMA PAUPERIS*

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff Charlotte Benson is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiffs are further advised, although Plaintiff Charlotte Benson has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in the Complaint and is recommending that some of Plaintiffs' claims be dismissed under 28 U.S.C. § 1915(e). However, as the undersigned does not recommend that Plaintiffs' claims be dismissed in their entirety, the Clerk of the Court shall file the Complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). The undersigned further **ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process as to the City of Brenham, Sgt. Burns, Corp. Kurie, Corp. Malinowski, Sgt. Crosby, Sgt. Randle, Cpt. Kasprowicz, and Det. Caskey. Service upon the remaining Defendants should be withheld pending the District Judge's review of the recommendations made in this Report.

## II.   REVIEW OF THE MERITS OF THE CLAIM

Because Plaintiff Charlotte Benson has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant

part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.  A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20-21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff Charlotte Benson ("Mrs. Benson") brings claims for constitutional violations under 42 U.S.C. § 1983 and *Monell* Liability; state-law claims such as intentional infliction of emotional distress ("IIED"), invasion of privacy, conversion, and negligence; and public records requests violations. Dkt. 1 (Compl.) at 4-6. Mrs. Benson purports to bring these claims on behalf of herself; Plaintiff C.B., her minor granddaughter; and Plaintiff Clifton Benson, her estranged husband. *Id.* at 1, 3. Mrs. Benson brings her suit against several officers of the Brenham Police Department ("BPD") in their individual capacities, an employee of the BPD, the City of Brenham, and Excel Motors. *Id.* at 1.

Mrs. Benson alleges that she and her granddaughter, C.B., were subject to unlawful violations of the Fourth and Fourteenth Amendment when they were stopped in their vehicle on

3

June 16, 2023, following the arrest of Plaintiff Clifton Benson. *Id.* at 2-3. Mrs. Benson and C.B. were detained in the car for approximately one hour, not allowed to leave, and subject to intense heat. *Id.* Mrs. Benson alleges she has a rare nerve disorder and other disabilities, which require her to take medication on a regular schedule and have reasonable accommodations for heat exposure. *Id.* at 1. She alleges that officers failed to accommodate her and her granddaughter even when both were exhibiting signs of medical or emotional distress. *Id.* at 2-3. Mrs. Benson alleges unlawful search and seizure and unlawful detention under the Fourth Amendment and deliberate indifference to serious medical needs and equal protection under the Fourteenth Amendment. *Id.* at 3. Mrs. Benson further alleges that she made a records request related to the June 16 Incident under the Freedom of Information Act ("FOIA"). *Id.* at 8; 5 U.S.C. § 552. She alleges that she received responsive records, after being forced to seek Attorney General review, but she seeks confirmation that all responsive records have been fully disclosed and alleges that during this process, Defendant Karen Stacks improperly disclosed Mrs. Benson's financial records. Compl. at 8, 13. Mrs. Benson seeks damages, injunctive relief, and costs. *Id.* at 4.

### A. Plaintiffs

Mrs. Benson, proceeding *pro se*, purports to bring this case on behalf of herself and two others. The right to proceed *pro se* in civil actions is guaranteed by 28 U.S.C. § 1654: "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." However, it is "equally certain that those not licensed to practice law may not represent the legal interests of others." *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016). Therefore, Mrs. Benson cannot represent Clifton Benson in this action.

Recent circuit law makes the rules for *pro se* representation of your own child more complex. While a legal guardian can bring suit on behalf of a child, as next friend, in Texas, that "does not mean that the guardian can [always] proceed *pro se* on behalf of the child." *Raskin on Behalf of J.D. v. Dallas Ind. School Dist.*, 69 F.4th 280, 285 n.5 (5th Cir. 2023). The Fifth Circuit held that 28 U.S.C. § 1654 does "[allow] a *pro se* parent to proceed on behalf of her child in federal court when the child's case is the parent's own." *Id.* at 282. A case can become a "parent's own" when other federal statutes, such as the Social Security Act, or state law allow a parent to proceed *pro se* on behalf of a child. *Id.* at 284-85. When a parent plaintiff does not carry her burden to "establish that under § 1654, federal or state law authorizes her to proceed *pro se* on behalf of her children," *Raskin*, 69 F.4th at 287, courts have dismissed without prejudice the claims of the minor plaintiff. *J. F. v. Ventura*, No. 4:24-CV-01208-O-BP, 2025 WL 2881576, at *3 (N.D. Tex. Sept. 22, 2025), *report and recommendation adopted*, 2025 WL 2880805 (N.D. Tex. Oct. 9, 2025).

Mrs. Benson has not alleged facts to suggest she is the parent or legal guardian of C.B. She pleaded C.B. is her "granddaughter" and did not otherwise allege she is the legal guardian of C.B. Compl. ¶ 12. Furthermore, the parent plaintiff has the burden to show that federal or state law authorizes her to bring these claims on the minor's behalf. Mrs. Benson has not done so.

Accordingly, the undersigned **ORDERS** Plaintiffs to show cause as to why Plaintiff Clifton Benson and Plaintiff C.B. should not be dismissed from this suit on or before **February 27, 2026**. Plaintiff Clifton Benson may represent himself *pro se* or find an attorney. Plaintiff C.B. must have an attorney or her legal guardian may present an argument as to their ability to represent her *pro se*. **Failure to comply with this order will result in the dismissal of Plaintiff Clifton Benson and Plaintiff C.B. from this suit**.

### B.  Claims

Mrs. Benson's claims on her own behalf fall into two categories: enforcement of her records request and civil rights claims from the day of the incident. The undersigned will address each category in turn.

#### a.  Records Request Claims

As an initial matter, the undersigned notes Mrs. Benson is seeking information from a municipal governmental body. Accordingly, the undersigned construes Mrs. Benson's FOIA claims as arising under the Texas Public Information Act, TEX. GOV'T CODE § 552 ("TPIA"). *See Wright v. Curry*, 122 F. App'x 724, 725 (5th Cir. 2004) ("[T]he Freedom of Information Act . . . applies to federal agencies, not state agencies."); *see also Wiley v. Paxton*, No. A-17-CV-980-SS, 2017 WL 6503662, at *2 (W.D. Tex. Dec. 19, 2017) ("The TPIA functions much like the federal Freedom of Information Act to provide a mechanism for individuals to request documents held by Texas governmental agencies.").

For the purposes of the § 1915(e) review, Mrs. Benson has alleged facts sufficient to state TPIA enforcement and invasion of privacy claims. However, certain Defendants must still be dismissed from this suit. Mrs. Benson alleges that "Ms. Stacks delayed production repeatedly, involving the Office of the Attorney General multiple times . . . [and] disclosed [Mrs. Benson's] personal financial records from Excel Motors—a dealership where [she] was actively financing a vehicle that was seized on June 16, 2023." Compl. at 14 (emphasis removed). However, actions to enforce a records request pursuant to the TPIA typically permit suits against the governmental body or agency, not an individual officer of the agency. TEX. GOV'T CODE § 552.321. Therefore, Defendant Karen Stacks is not a proper party to this suit. Furthermore, Mrs. Benson does not mention Defendant Excel Motors in her Complaint beyond Excel Motors's relation to Stacks's

6

alleged wrongdoing. Accordingly, Mrs. Benson failed to state a claim against Defendant Excel Motors, and the undersigned recommends the dismissal of Defendants Karen Stacks and Excel Motors from this suit.

Mrs. Benson also attaches communications between herself and Operations Lieutenant Kelvin Raven regarding her records request, but she fails to state any claims against Raven. Likewise, Mrs. Benson does not allege any facts supporting liability against or any wrongdoing by Assistant Chief Lloyd Powell. Accordingly, the undersigned further recommends the dismissal of Defendants Raven and Powell from this suit.

The City of Brenham, as the legal entity of the BPD, is the proper Defendant with respect to Mrs. Benson's TPIA claims.

### b. Civil Rights Claims

The remaining Defendants are municipal entities and officials. Mrs. Benson has lodged a *Monell* claim against the City and included the BPD's Handbook as an exhibit. Dkt. 1-5 at 11-33 (Handbook). However, Mrs. Benson's *Monell* allegations are very conclusory, and she does not point to any policies in the Handbook to support her allegations. *See* Compl. at 4 ("The City maintained policies, customs, or practices, or was deliberately indifferent in training and supervision, that caused the constitutional violations alleged, including failures regarding disability accommodations, detention procedures, documentation integrity, and training on respectful treatment of civilians."). Accordingly, the undersigned finds Mrs. Benson has failed to state a claim against the City of Brenham as pertains to her civil rights claims and recommends dismissal of the City of Brenham from all causes of action save Mrs. Benson's TPIA claims.

Mrs. Benson further attempts to sue several officers in their individual capacities, which is permitted under 42 U.S.C. § 1983, subject to qualified and absolute immunity. The undersigned

finds that Mrs. Benson has sufficiently alleged violations of the Fourth and Fourteenth Amendment against the BPD Officers who were present at the scene to meet the standard set forth by 28 U.S.C. § 1915(e).[1]

Finally, the undersigned recommends dismissal of the remaining causes of action, Mrs. Benson's state-law claims against the BPD Officers. Section 101.106(f) of the Texas Tort Claims Act provides that if a suit is filed against an employee of a governmental unit based upon conduct within the general scope of that employment, and if it could have been brought against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. TEX. CIV. PRAC. & REM CODE § 101.106(f); *Franka v. Velasquez*, 332 S.W.3d 367, 369-85 (Tex. 2011).

In *Franka*, the Texas Supreme Court resolved a split amongst the court of appeals. It explained that Section 101.106(f) was intended to "foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment." *Franka*, 332 S.W. 3d at 381. In waiving governmental immunity for governmental units, "the [Texas] Legislature correspondingly sought to discourage or prevent recovery against an employee." *Id.* at 384. *Franka* therefore stands for the proposition that Texas government employees are entitled to dismissal of all state-law tort claims brought against them arising out of acts taken within the scope of their employment, "regardless of whether the [Texas Tort Claims Act] waives immunity from suit." *Id.* at 385. In the instant case, Mrs. Benson is clearly taking issue with actions taken by the officers in the scope of their employment. Additionally, Mrs. Benson did not allege any facts to support her state-law claims. Therefore, the undersigned recommends dismissal without prejudice of these claims.

---

[1] This includes every Defendant Officer, save Asst. Chief Powell and Lt. Raven. The undersigned has recommended dismissal of these Defendants.

### III.    ORDER AND RECOMMENDATIONS

The undersigned hereby **GRANTS** Plaintiff Charlotte Benson's Application to Proceed *In Forma Pauperis* (Dkt. 2) and **ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process as to Defendants City of Brenham**,** Sgt. Burns, Corp. Kurie, Corp. Malinowski, Sgt. Crosby, Sgt. Randle, Cpt. Kasprowicz, and Det. Caskey**.**

The undersigned further **ORDERS** Plaintiffs to show cause as to why Plaintiff Clifton Benson and Plaintiff C.B. should not be dismissed, as enumerated in Section II.A, on or before **February 27, 2026**.

Finally, the undersigned **RECOMMENDS** that the District Judge **DISMISS WITHOUT PREJUDICE**:

1. Defendants Karen Stacks, Excel Motors, Asst. Chief Powell, and Lt. Raven;

2. Mrs. Benson's civil rights claims against Defendant City of Brenham; and

3. Mrs. Benson's state-law claims against the remaining Defendants—the City of Brenham, Sgt. Burns, Corp. Kurie, Corp. Malinowski, Sgt. Crosby, Sgt. Randle, Cpt. Kasprowicz, and Det. Caskey.

If the District Judge adopts the undersigned's recommendations in their entirety, Plaintiff Charlotte Benson's TPIA claims against the City of Brenham and constitutional claims against BPD Officers Sgt. Burns, Corp. Kurie, Corp. Malinowski, Sgt. Crosby, Sgt. Randle, Cpt. Kasprowicz, and Det. Caskey will remain as the live claims in the Complaint.

### IV.    WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED February 11, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE